

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Miguel Loiz,

Plaintiff,

v.

Sergeant Todd Morin, Officer Iva Robles, Officer Sam Hernandez,

Kwame Raoul, Eileen O'Neill Burke, Laura Lopez,

Kathrin (Catherine) Stetson,

Judge John W. Wilson, Judge Teresa Molina Gonzalez,

Judge Sheree O. Henry, Thomas J. Dart,

Defendants.

Case No: _____

COMPLAINT

(Pro Per – 42 U.S.C. § 1983)

PARTIES

Plaintiff: Miguel Loiz, resident of Illinois.

Defendants:

Sergeant Todd Morin

Officer Iva Robles

*Officer Sam Hernandez*

Kwame Raoul (Illinois Attorney General)

Eileen O'Neill Burke (Cook County State's Attorney)

Laura Lopez (Assistant State's Attorney)

Kathrin (Catherine) Stetson (Assistant State's Attorney)

1:26-cv-00249
Judge LaShonda A. Hunt
Magistrate Judge Beth W. Jantz
Cat 2/Random

**RECEIVED**

JAN -9 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Judge John W. Wilson

Judge Teresa Molina Gonzalez

Judge Sheree O. Henry

Thomas J. Dart (Cook County Sheriff)

STATEMENT OF FACTS

On or about January 10, 2024, in the evening hours, I was driving eastbound on West Grand Avenue in Franklin Park, Illinois.

Sergeant Todd Morin initiated a traffic stop and asked for my driver's license, insurance, and registration.

He stated I was driving 40 mph in a 30 mph zone.

Sergeant Morin asked my passenger for identification. She did not have any and provided her name.

He ran both our names and called for backup. Officers Iva Robles and Sam Hernandez arrived.

After backup arrived, I was ordered to exit my vehicle.

Officer Robles opened my door without permission and frisked me.

Officer Hernandez later conducted a pat-down.

Officer Robles entered my vehicle without my consent and used a test wipe on the interior.

The test wipe was never inventoried, logged, or preserved.

He also searched my trunk.

Officer Robles attempted to open my locked glove box.

When I objected, all three officers restrained and handcuffed me.

After I was handcuffed, Officer Robles opened the glove box and found:

A 9mm handgun, three rounds, drug paraphernalia, and alleged cocaine.

I was transported to the Franklin Park Police Station.

At the station, Sergeant Morin stated he could help me with the gun charge if I provided drug dealer information.

I requested a lawyer and was placed in a cell.

On January 11, 2024, I appeared before Judge Teresa Molina Gonzalez.

She denied my pretrial release.

At a later preliminary hearing before Judge Sheree O. Henry, probable cause was found.

I later appeared before Judge John W. Wilson and continued to raise my concerns.

Sergeant Morin stated he paced my vehicle into River Grove, Illinois.

No radar, dashcam, or calibration records were provided.

In his report, Sergeant Morin stated he saw white powder on the console and believed it was cocaine.

The substance was never collected, photographed, tested, or inventoried.

He also described my passenger as resembling a drug user.

## DEFENDANT-SPECIFIC CONDUCT

Sergeant Todd Morin: Initiated the stop, ordered the exit, authored the report, and testified.

Officer Iva Robles: Opened my door, searched my vehicle, used the test wipe, and opened the glove box.

Officer Sam Hernandez: Assisted in the pat-down and arrest.

Judge Teresa Molina Gonzalez: Denied pretrial release.

Judge Sheree O. Henry: Presided over preliminary hearing.

Judge John W. Wilson: Presided over later proceedings.

Laura Lopez: Assistant State's Attorney.

Kathrin Stetson: Assistant State's Attorney.

Eileen O'Neill Burke: State's Attorney.

Kwame Raoul: Illinois Attorney General.

Thomas J. Dart: Cook County Sheriff.

## RELIEF REQUESTED

Plaintiff requests:

$500,000 in compensatory damages,

A public apology,

Expungement of records,

An injunction against further prosecution,

Court costs,

Any further relief deemed just.

JURY DEMAND

Plaintiff demands a trial by jury.

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/8/2026

Miguel Loiz, Pro Per

## MOTION FOR INJUNCTION

Plaintiff Miguel Loiz respectfully requests that the Court issue an injunction prohibiting further prosecution of the remaining charges in this matter.

This request is based on the facts stated in the Complaint regarding the traffic stop, arrest, and subsequent proceedings.

Date: 1/8/2026

Miguel Loiz, Pro Per

EXHIBIT PAGE

Case: Miguel Loiz v. Defendants

Exhibit Letter: _____

Description of Exhibit:

INCIDENT REPORTS / SGT. MORIN / OFF. ROPLES / OFF. HERNANDEZ
PRELIMINARY HEARING TRANSCRIPTS
EXHIAITS 1-5 / 6-12

Date: 1/8/2026

## Incident Report Completed by Sergeant Morin #37
## Armed Habitual Criminal (24-853)

In summary not verbatim:

This was a BWC recorded event. The footage was reviewed to create this report.

On 01/10/2024 at 1931 hrs. I was on routine patrol in an un-marked squad car driving E/B on Grand Ave in the area of the 9400 block in Franklin Park, IL. While at that location, I observed a black 2005 Honda Accord bearing IL license plates DV23228, also driving E/B Grand Ave in the right lane. I paced the vehicle from the 9400 to the 9100 block and observed the vehicle to have a sustained speed of 40 m.p.h. in a 30 m.p.h. speed zone. I then activated my emergency lights and curbed the vehicle. I approached the vehicle on the passenger side and observed a male in the driver's seat and a female in the front passenger seat. Upon making contact with the occupants, I asked the driver for his driver's license and insurance to which he provided. The driver was identified as Miguel A. LOIZ Jr. d.o.b. 04/25/1967. I then asked the female passenger if she had any ID to which she stated she did not. I then asked the female passenger if she would provide her name to which she provided the name "Michele Irwin" and date of birth of 06/06/1987. The female stated that she was from Wisconsin but had been through DCFS foster care her whole life and never obtained an ID or driver's license. The female also stated that she had never been arrested. I ran the name Michele Irwin through dispatch for both IL and WI to which it failed to yield a result. While speaking to the subjects in the vehicle, I made the following observations:

1) I noticed a suspicious white powder on the center console of the vehicle which, from my training and experience, I recognized as having the appearance of cocaine.

2) The female passenger had a large scab on the right side if her chin which, from my training and experience, I recognized as a indicator of narcotic use. The female also had an overall un-kept appearance that drug users commonly have.

3) The male driver had an extensive and violent criminal history.

After making my observations, I called for back-up. Officer Hernandez #146 and Officer Robles #144 arrived shortly afterward. After Officer Hernandez and Robles arrived, I asked LOIZ and the female passenger to exit the vehicle. LOIZ and the female passenger were separated. I spoke to the female passenger and asked if she was holding anything illegal for the male driver (LOIZ). To which she stated no. While speaking to the female, she became increasingly more animated reaching into her pockets and talking faster. The female then pulled out a multi-colored glass tube with brown residue from her front pocket, which I recognized to be a "crack pipe." The female then said "All I have is

EXHIBIT 2

Administrative Agency: Franklin Park PD   Incident #: 202400000853   Case_Nr:
Report No. 1   Entered: 01/10/2024 21:04   By Officer: FP144 Iva Robles
Subject: Supplemental report.

BWC Incident, video reviewed prior to completing report.

In summary, but not verbatim or its entirety, on January 10, 2024 at approximately 1931 hours, R/O Robles #144 and Ofc. Hernandez #146 went to assist Sgt. Morin #116 at his traffic stop located on Grand and Elm. R/O was in plain clothes with a "Police" marked vest and in a semi marked police squad.

Upon arrival, R/O observed two occupants a male driver (later identified as Loiz, Miguel A Jr and a female passenger (later identified as Buttera, Michelle E). R/O was able to see in plain view white powdery residue and ashes scattered all over the center console area (suspected crack cocaine) in plain view.

Both occupants were then asked to exit the vehicle. While Buttera was with Sgt. Morin he observed her toss a glass pipe on to the street. The glass pipe had a burnt end on it and R/O recognized it to be a "crack pipe" commonly used to smoke crack cocaine. R/O swiped the center console area with a Nark Cocaine ID wipe, which field tested positive. The driver seat also had white powdery residue on it which field tested positive for cocaine. R/O then attempted to open the glove box and noticed it was locked.

R/O then went to Loiz and asked him how to unlock the glove box and informed the reason why he was going to search it. Ofc. Hernandez then advised that he believed he had the key in his chest jacket pocket, he then attempted to reach for it and Loiz began to tense up and attempt to prevent Ofc. Hernandez from going into his pocket by backing away and using his hands and his phone to block the pocket stating you couldn't go in there. R/O then attempted to pull the phone away from Loiz and he began to pull away and tense his arms not letting go of the phone. Ofc. Hernandez also attempted to grab Loiz and he attempted to pulled away. R/O then informed Loiz he was under arrest (obstructing and resisting). Loiz continued to resist by not putting his hands behind his back. Sgt.Morin then came to assist and officers placed Loiz in custody. Ofc. Hernandez then gave R/O the key. R/O then unlocked the glove box and observed a black handgun in a holster along with additional "crack" pipes. Evidence was processed by Ofc. Hernandez.

EXHIBIT #3

Administrative Agency: Franklin Park PD   Incident #: 202400000853   Case_Nr:
Report No. 3  Entered: 01/10/2024 23:25  By Officer: FP146 Sam Hernandez
Subject: Evidence Report

## Evidence Report

In summary, not verbatim, and not in its entirety:

On 10 January 2024 at approximately 1953 hours, I, Evidence Technician Hernandez #146 was assigned to process and capture photographs of an older model black Honda bearing Illinois registration number IL/DV23228 due to a handgun being located in the glove compartment.

I located a black handgun within a black holster inside the above vehicle's glove compartment. I rendered the firearm safe, and then learned the handgun's magazine was loaded with an unknown number of rounds of ammunition. In the glove compartment there was also drug paraphernalia. I observed, photographed, and recovered one glass drug paraphernalia pipe that was inside a Newport cigarette box. When removing said cigarette box and a black plastic shopping bag, I observed another glass pipe next to a small clear plastic baggie containing a white rock-like substance, suspected to be crack cocaine. Inside the black plastic shopping bag there was a Chore Boy copper scrub (drug paraphernalia) and a recoil compression spring. The items were collected from the vehicle.

At the Franklin Park Police station, I photographed and entered the following items into evidence:

Item#1: One sealed box containing a black handgun with "Smith & Wesson SW99" imprinted on it, and with serial number#SAE4892 imprinted on it. One black handgun magazine with an unknown number of live rounds of ammunition inside the magazine.

Item#2: One sealed plastic bag containing a black handgun holster and in which Item#1 was inside of.

Item#3: One sealed plastic bag containing a small clear plastic baggie with blue stars imprinted on it which contained a white rock-like substance, suspect crack cocaine – field tested positive for the presence of a cocaine base. The small clear plastic baggie with blue stars imprinted was not weighed but the scale was unable to measure/detect the weight.

Item#4: One sealed can containing two drug paraphernalia smoking pipes and a Chore Boy copper scrub.

Item#5: One sealed plastic bag with a recoil compression spring

Item#6: One sealed can containing two drug paraphernalia glass smoking pipes: one beige in colored pipe and a broken red colored pipe.

EXHIBIT #4

Administrative  Agency: Franklin Park PD   Incident #: 202400000853      Case_Nr:
Report No.  2  Entered: 01/10/2024 23:18  By Officer: FP116  Tod Morin
Subject:  Incident Report

On 01/10/2024 at 2315 hrs. I called the Cook County State's Attorney's Felony Review line and asked for a call back.

On 01/11/2024 at 0022 hrs. ASA RUSSO of the Cook County State's Attorney's Office called me back to discuss the case facts.

On 01/11/2024 at 0049 hrs. ASA RUSSO gave felony approval for one charge c Armed Habitual Criminal.

LOIZ was then charged, processed, and held in cell 7 to await transport to the Maybrook Courthouse for a detention hearing.

EXHIBIT 5

| Franklin Park Police | | | 1500 Maybrook, Maywood |
| 4 | 01/24/2024 | 433 | IL |
| (Court Branch # or District #) | (Court Date/Time) | (Arresting Agency #) | Room 103 0900 hours |
| Misdemeanor Complaint | Class A | | (10/27/22) CCCR 0654 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois

v.

Case No. _____

24-853

__Miguel A. Loiz JR__
**Defendant**

### MISDEMEANOR COMPLAINT

__Ofc. Robles #144__ complainant, now appears before the
(Complainants Name Printed or Typed)

Circuit Court of Cook County and states that ___Miguel A Loiz JR___ of
(Defendant)

__5542 W Waveland Ave Chicago, IL 60641__ has on or about __1/10/2024__,
(Address) (Date)

at the location of __9000 Grand Franklin Park IL 60131__
(Place of Offense)

committed the offense(s) of __Obstructing/resisting A Peace Officer__
in that they
knowingly obstructed and resisted the performance of Ofc. Robles of an authorized act within his official capacity, being the arrest of Loiz, Miguel A Jr knowing Ofc. Robles to be a peace officer engaged in the execution of his official duties, in that he attempted to prevent officers from obtaining a key from his possession, by blocking its whereabouts. Loiz also resisted arrest by pulling away and tensing his arms.

in violation of __720__ ILCS __5__ / __31-1__
(Chapter) (Act) (Sub Section)

_(Complainant's Signature)_

__1330000__
**AOIC Code**

9451 W Belmont Franklin Park, IL 60131
(Complainant's Address)

**STATE OF ILLINOIS**
**COOK COUNTY**

847-671-8200
(Complainant's Phone)

Ofc. Robles #144
(Complainant's Name Printed or Typed)

The Complainant, being first duly sworn, hereby states that they read and signed the foregoing complaint and that the same is true.

_(Complainant's Signature)_

Subscribed and sworn before me on __1/11/2024__

_on behalf of Iris Martinez_
(Judge's/Law Enforcement Officer's Signature)

139
(Law Enforcement Officer's Badge Number)

I have examined the above complaint, the person presenting it, and find there is probable cause. Leave is hereby given to file said complaint.

**SUMMONS ISSUED** Judge _____
**or**
**WARRANT ISSUED** Judge's No.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
**CIRCUIT CLERK COPY**

EXHIBIT #6

ARR. DATE: January 31, 2024
0/1 - 9 pages

STATE OF ILLINOIS      )
                       )  SS:
COUNTY OF COOK         )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FOURTH MUNICIPAL
DISTRICT

THE PEOPLE OF THE STATE    )
OF ILLINOIS,               )
                           )
              Plaintiff,   )
                           )
        vs.                )  No. 24 MC4 00002401
                           )
MIGUEL A. LOIZ,            )
                           )
              Defendant.   )

PRELIMINARY HEARING

REPORT OF PROCEEDINGS had at the hearing in the above-entitled cause before the HONORABLE SHEREE HENRY, Judge of said court, on January 18th, 2024.

PRESENT:
HON. KIMBERLY M. FOXX,
State's Attorney of Cook County, by:
MS. KATHRYN STETSON,
Assistant State's Attorney,
appeared on behalf of the People;

MR. SHARONE R. MITCHELL, JR.,
Public Defender of Cook County, by:
MR. RICHARD KRUSS,
Assistant Public Defender,
appeared on behalf of the Defendant.

THOMAS NOONAN, CSR, RPR
Official Court Reporter
CSR No. 084-004766
4th District - Maywood

1

EXHIBIT #7

Q. Did you then search the vehicle pursuant to that arrest?

A. Yes.

Q. What if anything did you recover from the vehicle?

A. All right. So, in the glove compartment, we recovered a loaded nine-millimeter semiautomatic pistol.

Q. Was that loaded?

A. Yes, it was loaded.

Q. And you said in the glove compartment. Was that locked or unlocked?

A. It was unlocked.

Q. And how were you able to unlock the glove compartment?

A. We were able to obtain the key from the Defendant.

Q. From his person?

A. From his person, yes.

Q. Did you learn who that car was registered to?

A. Yes.

Q. Who was it registered to?

A. The Defendant.

EXHIBIT #8

Q. When the Defendant was taken into custody, was he transported back to the station?

A. Yes, he was.

Q. And was he fingerprinted and his identity confirmed?

A. Yes, it was.

Q. Okay. Did you run his information through the LEADS record system?

A. I did.

Q. Did you learn whether or not he had a valid FOID or CCL?

A. I did, and he did not have a valid FOID or CCL.

Q. Okay. Did you also see his criminal history?

A. I did.

Q. And did you learn that the Defendant has convictions, one from 2000 for attempted murder and aggravated criminal sexual assault with a weapon under 98 CR 16434?

A. Yes.

Q. And did you learn that the Defendant was convicted of armed robbery in 1996 under 95 CR 30258?

A. Yes.

5

EXHIBIT #9

MS. STETSON: Nothing further.

THE COURT: Cross?

CROSS-EXAMINATION

BY MR. KRUSS:

Q. Good morning, Officer.

A. Good morning.

Q. Officer, were you wearing body-worn camera at the time of this incident?

A. I was.

Q. Was it active and functioning at that time?

A. Yes.

Q. And, to the best of your knowledge, has that video been preserved?

A. Yes.

Q. You said you conducted a traffic stop?

A. Yes, that's correct.

Q. And there were two people in the car?

A. Yes.

Q. Mr. Loiz and another individual; correct?

A. That's correct.

Q. Mr. Loiz was the driver?

A. Yes.

Q. You never saw Mr. Lois touching this weapon or handling it in any way prior to his arrest?

6

EXHIBIT # 10

A. That's correct.

Q. And you never saw the gun at all back before the car was searched; correct?

A. Yes.

MR. KRUSS: I have nothing further, Judge.

THE COURT: All right. Finding of probable cause. Case Number 24 C4 40042. Transfer to Room 107. You guys need me to repeat that number?

MS. STETSON: I don't.

MR. KRUSS: No, Judge.

THE COURT: Motion State February 1st?

MR. KRUSS: Judge, we can actually go by agreement to January 31st.

THE COURT: What?

MR. KRUSS: We can get a date earlier, because I will be in 107 that date.

MS. STETSON: That's fine.

THE COURT: Okay. By agreement, January 31st.

THE DEFENDANT: Excuse me. I would like to say something.

MR. KRUSS: Okay. This is not the time for you to --

THE DEFENDANT: I'm just asking to continue for this.

7

EXHIBIT #11

THE COURT: I did continue it to January 31st, so have your lawyer to come to Room 107 on January 31st. Okay? Have a nice day.

THE DEFENDANT: Obviously not in America here.

(WHEREUPON, the above-entitled cause was continued to January 31st, 2024, at 9:30 a.m.)

EXHIBIT # 12

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT – FOURTH MUNICIPAL
DISTRICT

I, THOMAS NOONAN, an Official Court Reporter for the Circuit Court of Cook County, Municipal Department-Fourth Municipal District, do hereby certify that I reported in shorthand the proceedings had at the above-entitled cause; that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the proceedings had before the HONORABLE SHEREE HENRY, Judge of said court.

THOMAS NOONAN, CSR, RPR
Official Court Reporter
No. 084-004766

Dated this 25th day of January, 2024.

9

SERVICE PACKAGE

Plaintiff: Miguel Loiz

This service package includes:

- Complaint

- Summons

- Civil Cover Sheet (JS-44)

- IFP Motion (if applicable)


Defendant: _____


Date Served: _____

Method of Service: _____